UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

KEITH TERRELL BUTLER,

        Plaintiff,

              – against –

SGT. LEWIS V., et. al.

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

ORDER
11-CV-04844(JFB)(WDW)

JOSEPH F. BIANCO, District Judge:

    *Pro se* plaintiff Keith Terrell Butler ("plaintiff") filed a complaint against Sgt. Lewis V., Thomas Sharkey, Dr. Reena Walker, Sheriff Vincent F. DeMarco, Security Investigator Sirusso, and John Doe, the Superintendent of Suffolk County Jail ("defendants") in on September 27, 2011. Plaintiff filed an amended complaint against all defendants on January 5, 2013. The defendants filed an answer to the initial complaint on January 5, 2012, and then filed an answer to plaintiff's amended complaint on February 28, 2012.

    Although plaintiff kept the Court apprised of his changes of address during the beginning of this litigation, he has since failed to inform the Court of his current address. On October 4, 2012, an Order was mailed to plaintiff; it was subsequently returned as undeliverable on October 17, 2012. Future mailings were similarly returned as undeliverable – on January 22, 2013; March 6, 2013; and March 12, 2013.

    Plaintiff also failed to appear at the January 15, 2013 pretrial conference scheduled before Magistrate Judge Wall. At the conference, defense counsel informed Judge Wall that plaintiff has been similarly unresponsive throughout the discovery process. At that conference,

Judge Wall set a new pretrial conference date of February 5, 2013 and warned plaintiff that his failure to appear could result in a recommendation that the case be dismissed for failure to prosecute. Copies of that Order were mailed to plaintiff, but were subsequently returned as undeliverable. Plaintiff also failed to appear at the February 5, 2013 conference.

On February 21, 2013, Magistrate Judge Wall issued a Report and Recommendation (the "R&R"), recommending that the case be dismissed, for both failure to prosecute and failure to comply with Court orders, with prejudice. The R&R further instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (*See* Report and Recommendation dated Feb. 21, 2013, at 3.) As indicated by the docket sheet, a copy of the R&R was mailed to plaintiff by Magistrate Judge Wall's Chambers on February 21, 2013. (*See* ECF No. 37.) No objections have been filed to date, although the date for filing any objections has expired.

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997).

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is

appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."); *see also Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2d Cir. 1943) (citing *Blake v. De Vilbiss Co.*, 118 F.2d 346 (6th Cir. 1941)); *Refior v. Lansing Drop Forge Co.*, 124 F.2d 440, 444 (6th Cir. 1942) ("The cited rule [41(b)] enunciates a wellsettled [sic] concept of practice that a court of equity, in the exercise of sound judicial discretion, has general authority . . . to dismiss a cause for want of diligence in prosecution or for failure to comply with a reasonable order of the court made in the exercise of a sound judicial discretion.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives. . . ." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see, e.g., Lucas*, 84 F.3d at 535; *Jackson v. City of New York*, 22 F.3d 71, 74-76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env.*

*Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart*, 992 F.2d at 461 ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge . . . , [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'") (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981)).

In considering these factors, courts have routinely found that "it is the plaintiff's responsibility to keep the Court informed of his current address, and failure to do so may justify dismissal for failure to prosecute." *Sims v. Fernandez*, No. 03 Civ. 2997 (KMW) (DF), 2004 U.S. Dist. LEXIS 6108, at *4 (S.D.N.Y. Mar. 16, 2004) (collecting cases); *see, e.g.*, *Parris v. Local 32B-32J*, No. 96 Civ. 3604, 1998 U.S. Dist. LEXIS 8672, at *2 n.1 (S.D.N.Y. June 12, 1998) ("In addition, the plaintiff's failure to notify either the Court or the Postal Service of her change in address indicates that the complaint should be dismissed independently for failure to prosecute."). However, the failure to provide a current address must not be considered in isolation, but rather in the context of the other above-referenced factors articulated by the Second Circuit.

Under the circumstances, all the above-referenced factors favor dismissal of the instant case. Plaintiff has failed to apprise the Court of his current change in address. Plaintiff has failed, on two occasions – on January 15, 2013 and February 5, 2013 – to appear before Magistrate Judge Wall for a scheduled pretrial conference. Moreover, plaintiff failed to appear even though Judge Wall indicated that failure to appear, on February 5, 2013, could result in a recommendation that the case be dismissed for failure to prosecute. Plaintiff has not otherwise communicated with the Court. Thus, plaintiff has shown no interest in continuing with this action. Under these circumstances, no sanction less than dismissal will alleviate the prejudice to defendants of continuing to keep this action open. Moreover, the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases. Therefore, all the above-referenced factors favor dismissal of the

instant case with prejudice.

Thus, having conducted a review of the full record and the applicable law, and having reviewed the R&R for clear error, the Court adopts the findings and recommendations contained in the R&R in full, and dismisses plaintiff's complaint with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.[1]  The Clerk of the Court is directed to close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: April 2, 2013
       Central Islip, NY

---

[1] Even under a *de novo* standard, the Court adopts the R&R in its entirety.